## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ELSIE J. WILLIAMS and**
**ALBERTA JOHNSON**                                     **PLAINTIFFS**

**V.**                              **CIVIL ACTION NO. 3:17-cv-152 TSL-RHW**

**GENERAL MOTORS LLC, and**
**JOHN DOES 1-20**                                      **DEFENDANT**

### GENERAL MOTORS LLC'S
### ORIGINAL ANSWER

Defendant General Motors LLC ("GM LLC," also sometimes referred to as "New GM"), by and through its undersigned counsel, files this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1.     GM LLC admits that the United States District for the Southern District of Mississippi, Northern Division has subject matter jurisdiction over this action.

2.     GM LLC admits that Plaintiffs purport to submit to the Court's exercise of personal jurisdiction over them.  GM LLC does not contest this Court's exercise of personal jurisdiction over it.  GM LLC admits that it transacts business in the State of Mississippi.  GM LLC further admits that it may be served through its registered agent for service of process, CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232.  Based on the State of Mississippi Uniform Crash Report (the "crash report"), GM LLC admits that the accident giving rise to suit occurred in Ridgeland, Madison County, Mississippi.  GM LLC denies the remaining allegations in Paragraph 2 of the Complaint.

3.     GM LLC incorporates by reference its admissions and averments in Paragraph 2 above.  GM LLC does not contest that venue is proper in the United States District for the

Southern District of Mississippi, Northern Division.  GM LLC denies the remaining allegations in Paragraph 3 of the Complaint.

**PARTIES**

4.      GM LLC admits that according to the crash report, Elsie J. Williams (spelled "Elise J. Williams" in the crash report) ("Plaintiff Williams") is an adult individual, who resided in Jackson, Hinds County, Mississippi at the time of the subject accident.  GM LLC further admits that according to the crash report, Alberta Johnson ("Plaintiff Johnson") is an adult individual, who resided in Jackson, Hinds County, Mississippi at the time of the subject accident. GM LLC is without sufficient information to admit or deny the remaining allegations in Paragraph 4 of the Complaint, and therefore denies same.

5.      GM LLC incorporates by reference its admissions and averments in Paragraph 2 above.  GM LLC admits the first four sentences of Paragraph 5 of the Complaint.  GM LLC further admits that on June 1, 2009, General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the New York Bankruptcy Court, Case No. 09-50026. GM LLC admits that the New York Bankruptcy Court issued the Sale Order and Injunction approving the sale of substantially all of Old GM assets to NGMCO, Inc., as successor in interest to Vehicle Acquisition Holdings LLC (defined in the Sale Order and Injunction as the "Purchaser").[1]  This sale was consummated on July 10, 2009.  GM LLC admits that its predecessor (*i.e.*, NGMCO, Inc.) was a party to the Sale Order and Injunction and/or the Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement") and that it

---

[1] Although GM LLC has admitted certain facts about Old GM's acts, conduct, or knowledge prior to July 10, 2009, GM LLC did not assume liability for any acts, conduct, or knowledge of Old GM beyond those Assumed Liabilities in the applicable Bankruptcy Sale Order and as adjudicated by the Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court").  Moreover, none of the admissions in this Answer are intended to or should be construed as an admission that any such acts, conduct, or knowledge of Old GM are imputable to GM LLC under applicable non-bankruptcy laws.

acquired substantially all of Old GM's assets, free and clear of all liens, claims, encumbrances, except for certain limited exceptions.  GM LLC denies the remaining allegations in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint are not directed to GM LLC; therefore no response is required by GM LLC.  To the extent a response is required, GM LLC GM LLC is without sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies same.

## FACTS

7.      GM LLC admits that since July 10, 2009, it designs in part, manufactures in part, markets and distributes motor vehicles, including the subject 2010 Chevrolet Cobalt.  GM LLC denies that it sold the subject 2010 Chevrolet Cobalt to Plaintiff Williams.  GM LLC admits that according to the crash report Jean Williams was the owner of the subject 2010 Chevrolet Cobalt at the time of the subject accident.

GM LLC further admits that according to the crash report, on December 7, 2011, Plaintiff Williams was the driver of the subject 2010 Chevrolet Cobalt, with front right passenger Plaintiff Johnson.  The subject vehicle was north on Interstate 55, in Ridgeland, Mississippi, when it became involved in a two-vehicle accident.  The crash report provides as follows:

> V1 AND 2 [the subject 2010 Chevrolet Cobalt] WERE
> TRAVELING I-55 NORTH BOUND.  V2 STOPPED IN THE
> ROADWAY NEAR THE I-220 SOUTH EXIT RAMP AND WAS
> STRUCK IN THE REAR BY V1.    AN UNIDENTIFIED
> VEHICLE WAS TRAVELING IN FRONT OF V1 AND
> SWERVED TO AVOID V2.  V1 DID NOT HAVE TIME TO
> REACT TO AVOID THE COLLISION.

GM LLC admits that the crash report notes "Not Deployed" for "Air Bag" for Plaintiff Williams, and "Deployed-Both" for "Airbag" for Plaintiff Johnson.  GM LLC further admits that the

subject 2010 Chevrolet Cobalt was towed to due to disabling damage.  GM LLC admits that the crash report indicates both Plaintiff Williams and Plaintiff Johnson sustained "Moderate" injuries.

GM LLC admits that it submitted to NHTSA the following information in a letter dated March 27, 2014, pursuant to 49 C.F.R. 573.6, and as subsequently amended in the letter on March 28, 2014, pertaining to the recall of approximately 823,788 vehicles with Ignition & Start Switches ("GM Recall No. 14092"). The March 28, 2014 letter to NHTSA stated as follows:

> 573.6(c)(2)(iii),(5): General Motors has decided that a defect which relates to motor vehicle safety exists in GM Parts and ACDelco Ignition & Start Switch service part number 10392423, and the following Ignition & Start Switch Housing Kits that contain or may contain part number 10392423: GM Parts and AC Delco service part numbers 10392737, 15857948, 15854953, 15896640, and 25846762. GM records indicate these service parts may have been installed during repairs in some 2008-2010 MY Chevrolet Cobalt, 2008-2011 MY Chevrolet HHR, 2008-2010 MY Pontiac Solstice, 2008-2010 MY Pontiac G5, and 2008-2010 MY Saturn Sky vehicles.
>
> The ignition switch torque performance on vehicles repaired with GM Parts and ACDelco Ignition & Start Switch part number 10392423 or assemblies that contain part number 10392423 may not meet General Motors' specification. If the torque performance is not to specification, the ignition switch may unintentionally move from the "run" position to the "accessory" or "off"' position with a corresponding reduction or loss of power. This risk may be increased if the key ring is carrying added weight or the vehicle goes off road or experiences some other jarring event. The timing of the key movement out of the "run" position, relative to the activation of the sensing algorithm of the crash event, may result in the airbags not deploying, increasing the potential for occupant injury in certain kinds of crashes.
>
> Until the recall has been performed, it is <u>very</u> important that customers remove all items from their key rings, leaving only the vehicle key. The key fob (if applicable), should also be removed from the key ring.

GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident and/or the remaining allegations related to the nature and extent of Plaintiffs' injuries, if any, and therefore denies same. GM LLC denies the remaining allegations in Paragraph 7 of the Complaint.

8.     GM LLC incorporates by reference its admissions and averments in Paragraph 7 above. GM LLC admits that, as part of certain marketing campaigns, it advertised the safety of its vehicles, but denies that it sold or directly marketed the subject 2010 Chevrolet Cobalt to Plaintiff Williams. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint concerning an individual consumer's knowledge or expectations, and therefore denies same. No response is required to the remaining allegations in Paragraph 8 of the Complaint because they call for legal conclusions. To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 8 of the Complaint.

9.     GM LLC incorporates by reference its admissions and averments in Paragraph 7 above. GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability. GM LLC denies the remaining allegations in Paragraph 9 of the Complaint.

10.     GM LLC incorporates by reference its admissions and averments in Paragraph 7 above. GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability. GM LLC denies the remaining allegations in Paragraph 10 of the Complaint.

11.     GM LLC incorporates by reference its admissions and averments in Paragraph 7 above.  GM LLC admits that there is a safety defect in which a low-torque ignition switch was installed in many of the vehicles identified below, which, under certain circumstances, may inadvertently move out of the "Run" position ("defective switch"). GM LLC admits that if the ignition switch moves out of the "run" position, the driver loses the assistance of power steering and power brakes. GM LLC admits that if a vehicle loses power steering and power assist braking, the vehicle would still have operational manual steering and base brakes. If a collision occurs while the switch is in the "Accessory" or "Off" position, the vehicle's safety airbags may fail to deploy—increasing the risk of death and serious injury in certain types of crashes in which the airbag was otherwise designed to deploy. The model year cars which may have been equipped with the defective switch are the 2005, 2006, and 2007 Chevrolet Cobalt; the 2007 Pontiac G5; the 2003, 2004, 2005, 2006, and 2007 Saturn Ion; the 2006 and 2007 Chevrolet HHR; the 2007 Saturn Sky; and the 2006 and 2007 Pontiac Solstice.  This safety defect in these identified vehicles is the subject of GM Recall Nos. 13454 and 14063.

GM LLC also admits the following with respect to the vehicles subject to GM Recall Nos. 13454 and 14063: Before the defective switch went into production in 2002, certain Old GM engineers knew that it was prone to movement out of the Run position. Testing conducted by the Switch Supplier in 2001 and early 2002 revealed that an early version of the pre-production defective switch was not meeting Old GM's torque specification.  The effects of the defective switch on airbag non-deployment began manifesting themselves early on, in crashes about which Old GM was made aware, beginning in 2004.  In or about 2004 and 2005, as Old GM employees, media representatives, and Old GM customers began to experience sudden stalls and engine shutoffs caused by the defective switch, Old GM considered fixing the problem. However, having

decided that the switch did not pose a safety concern, and citing cost and other factors, Old GM engineers responsible for decision-making on the issue opted to leave the defective switch as it was and promulgate an advisory to dealerships with tips on how to minimize the risk of unexpected movement out of the Run position.  Old GM issued to its dealers a service bulletin in December 2005 (the "2005 Service Bulletin"), which deliberately omitted the word "stall," alerting them to an "inadvertent turning off" problem and instructing them to provide any complaining customers with inserts for their key heads that would transform the slot into a hole and thus reduce the lever arm. In April 2006, the Old GM Switch Design Release Engineer ("DRE") authorized replacement of the defective switch in new cars with a different one that had a longer detent plunger and therefore significantly greater torque, but the part number was not changed. As a result, no one looking at the switch would be able, without taking it apart, to tell the difference between the old, defective switch and the new, non-defective one.  A relevant change was made by Old GM in 2009 to the Cobalt and related vehicle programs platform. Having previously failed to implement the slot-to-hole alteration to the key head design, Old GM decided to implement the slot-to-hole change for the model year 2010.  Based on this information, GM LLC believes the subject 2010 Chevrolet Cobalt came with a key with a hole as opposed to a slot design.  From approximately the spring of 2012, certain GM LLC personnel knew that the defective switch presented a safety issue because it could cause airbag non-deployment associated with death and serious injury.  From in or about the spring of 2012 through in or about February 2014, GM LLC failed to disclose a safety defect related to the defective switch to its U.S. regulator, NHTSA.  For much of the period during which GM LLC failed to disclose this safety defect, it not only failed to correct a June 2005 Old GM public statement that the defective switch posed no safety concern but also actively touted the reliability and safety of

cars equipped with the defective switch, with a view to promoting sales of used GM cars. GM LLC denies that any such statements were made directly to Plaintiffs or that Plaintiffs relied on any such statements.

GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt. The ignition switch in the subject 2010 Chevrolet Cobalt was authorized to be originally equipped with a longer detent plunger and greater torque value than the ignition switch in the vehicles subject to GM Recall Nos. 13454 and 14063. Based on information obtained to date, GM LLC believes this ignition switch was in the vehicle at the time of the subject crash, and denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092. GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability. No response is required to the remaining allegations in Paragraph 11 of the Complaint because they call for legal conclusions. To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 11 of the Complaint.

12.   No response is required to the allegations in Paragraph 12 of the Complaint because they call for legal conclusions. To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above. GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt. To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 12 of the Complaint.

13.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  GM LLC is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint concerning an individual consumer's knowledge, and therefore denies same.  No response is required to the remaining allegations in Paragraph 13 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 13 of the Complaint.

14.    No response is required to the allegations in Paragraph 14 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the allegations in Paragraph 14 of the Complaint.

15.    No response is required to the allegations in Paragraph 15 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 15 of the Complaint.

16.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 8, and 11 above.  GM LLC denies making any representations related to the subject 2010 Chevrolet Cobalt directly to the Plaintiff or that Plaintiff relied on any such representations.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010

Chevrolet Cobalt.  No response is required to the remaining allegations in Paragraph 16 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 16 of the Complaint.

17.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC admits that it had a duty imposed under operation of law related to the design, manufacture, testing, assembly, and marketing of their respective motor vehicles, including the subject 2010 Chevrolet Cobalt.  No response is required to the remaining allegations in Paragraph 17 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 17 of the Complaint.

18.    No response is required to the allegations in Paragraph 18 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 18 of the Complaint.

19.    No response is required to the allegations in Paragraph 19 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 19 of the Complaint.

## COUNT 1

## NEGLIGENCE

20.    GM LLC adopts and incorporates by reference each and every denial and/or verment in the preceding paragraphs.

21.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 11, and 17 above.

22.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 11, and 17 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability.  No response is required to the remaining allegations in Paragraph 22 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 22 of the Complaint.

23.    GM LLC incorporates by reference its admissions and averments in Paragraph 7 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident and/or the remaining allegations related to the nature and extent of Plaintiffs' injuries, if

any, and therefore denies same.  GM LLC denies the remaining allegations in Paragraph 23 of the Complaint.

24.    GM LLC incorporates by reference its admissions and averments in Paragraph 7 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident and/or the remaining allegations related to the nature and extent of Plaintiffs' injuries, if any, and therefore denies same.  GM LLC denies the remaining allegations in Paragraph 24 of the Complaint.

25.    GM LLC incorporates by reference its admissions and averments in Paragraph 7 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident and/or the remaining allegations related to the nature and extent of Plaintiffs' injuries, if any, and therefore denies same.  GM LLC denies the remaining allegations in Paragraph 25 of the Complaint.

26.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the

subject 2010 Chevrolet Cobalt.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability.  GM LLC specifically denies that Plaintiffs are entitled to an award of punitive damages against it.  No response is required to the remaining allegations in Paragraph 26 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 26 of the Complaint.

## COUNT II

## FRAUDULENT CONCEALMENT

27.    GM LLC adopts and incorporates by reference each and every denial and/or averment in the preceding paragraphs.

28.    No response is required to the allegations in Paragraph 28 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 28 of the Complaint.

29.    No response is required to the allegations in Paragraph 29 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet

Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 29 of the Complaint.

30.    No response is required to the allegations in Paragraph 30 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC admits that it investigated the defective switch for many years, but only GM LLC initiated a recall for the defect in February 2014.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 30 of the Complaint.

31.    No response is required to the allegations in Paragraph 31 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 8, and 11 above.  GM LLC denies that it marketed the subject 2010 Chevrolet Cobalt directly to Plaintiff Williams.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 31 of the Complaint.

32.     No response is required to the allegations in Paragraph 32 of the Complaint because they call for legal conclusions.   To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 8, and 11 above.   GM LLC denies making any representations related to the subject 2010 Chevrolet Cobalt directly to the Plaintiffs or that Plaintiffs relied on any such representations.   GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.   GM LLC is without sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint concerning an individual consumer's knowledge or expectations, and therefore denies same.   To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 32 of the Complaint.

33.     No response is required to the allegations in Paragraph 33 of the Complaint because they call for legal conclusions.   To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 11 and 17 above.   GM LLC admits that it generally has superior knowledge regarding the defect at issue in GM Recall No. 14092 as compared to a consumer.   To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 33 of the Complaint.

34.     No response is required to the allegations in Paragraph 34 of the Complaint because they call for legal conclusions.   To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.   GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.   GM LLC is without sufficient information to admit or deny the allegations in Paragraph

34 of the Complaint concerning an individual consumer's expectations, and therefore denies same. To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 34 of the Complaint.

35. No response is required to the allegations in Paragraph 35 of the Complaint because they call for legal conclusions. To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above. Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092. GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt. GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability. To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 35 of the Complaint.

36. GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 11, and 33 above. GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 36 of the Complaint concerning an individual consumer's knowledge or expectations, and therefore denies same. No response is required to the remaining allegations in Paragraph 36 of the Complaint because they call for legal conclusions. To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 36 of the Complaint.

37.     GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  GM LLC is without sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint concerning an individual consumer's expectations, and therefore denies same.  No response is required to the remaining allegations in Paragraph 37 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 37 of the Complaint.

38.     No response is required to the allegations in Paragraph 38 of the Complaint because they call for legal conclusions.   To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 38 of the Complaint.

39.     GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to

GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability.  GM LLC specifically denies that Plaintiffs are entitled to an award of punitive damages against it.  No response is required to the remaining allegations in Paragraph 39 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining allegations in Paragraph 39 of the Complaint.

**COUNT III**

**PRODUCTS LIABILITY**

40.    GM LLC adopts and incorporates by reference each and every denial and/or averment in the preceding paragraphs.

41.    GM LLC incorporates by reference its admissions and averments in Paragraph 7 above.  GM LLC denies that it sold the subject 2010 Chevrolet Cobalt to Plaintiff Williams.  GM LLC denies the remaining allegations in Paragraph 41 of the Complaint.

42.    GM LLC incorporates by reference its admissions and averments in Paragraph 7 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability.  GM LLC denies the remaining allegations in Paragraph 42 of the Complaint.

43.     GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC is without sufficient information to admit or deny the remaining allegations in Paragraph 43 of the Complaint, and therefore denies same.

44.     GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 17 above.  GM LLC denies that it sold the subject 2010 Chevrolet Cobalt to Plaintiff Williams.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability.  GM LLC denies the remaining allegations in Paragraph 44 of the Complaint.

45.     GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 17 above.  GM LLC denies that it sold the subject 2010 Chevrolet Cobalt to Plaintiff Williams.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability.  GM LLC denies the remaining allegations in Paragraph 45 of the Complaint.

46.     GM LLC is without sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore denies same.

47.     GM LLC incorporates by reference its admissions and averments in Paragraph 7 above.  Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet

Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092.  GM

LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet

Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject

accident, and therefore denies liability.  GM LLC denies the remaining allegations in Paragraph

47 of the Complaint.

48.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7

and 11 above.  Based on information obtained to date, GM LLC denies that the subject 2010

Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No.

14092.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to

GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the

subject 2010 Chevrolet Cobalt.  GM LLC is without sufficient information to admit or deny

whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall

No. 14092 at the time of the subject accident, and therefore denies liability.  GM LLC

specifically denies that Plaintiffs are entitled to an award of punitive damages against it.  No

response is required to the remaining allegations in Paragraph 48 of the Complaint because they

call for legal conclusions.  To the extent a response is required, GM LLC denies the remaining

allegations in Paragraph 48 of the Complaint.

## COUNT IV

## BREACH OF IMPLIED WARRANTY

49.    GM LLC adopts and incorporates by reference each and every denial and/or

averment in the preceding paragraphs.

50.    GM LLC admits that the subject 2010 Chevrolet Cobalt should have been

delivered to the original purchaser with a written Limited New Car Warranty by it.  The warranty

speaks for itself, and GM LLC pleads the limitations contained in the warranty. GM LLC denies the remaining allegations in Paragraph 50 of the Complaint.

51.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 50 above. Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092. GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability. GM LLC denies the remaining allegations in Paragraph 51 of the Complaint.

52.    GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 50 above. Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092. GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident and/or the remaining allegations related to the nature and extent of Plaintiffs' injuries, if any, and therefore denies same. GM LLC denies the remaining allegations in Paragraph 52 of the Complaint.

## COUNT V

### VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO"), 18 U.S.C. § 1961, *et seq.*

53.    GM LLC adopts and incorporates by reference each and every denial and/or averment in the preceding paragraphs.

54.    GM LLC denies the allegations in Paragraph 54 of the Complaint.

55.     No response is required to the allegations in Paragraph 55 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC objects to the phrase "enterprise members" as undefined, vague, and ambiguous.  Subject thereto, GM LLC admits that it is an entity that owns an interest in personal and real property.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 55 of the Complaint.

56.     GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above.  GM LLC admits that the first sentence of Paragraph 56 of the Complaint purports to characterize a May 22, 2015 *New York Times* article, the contents of which speak for themselves.  No response is required to the remaining allegations in Paragraph 56 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC admits that General Motors Company entered into a Deferred Prosecution Agreement ("DPA") with the United States Department of Justice on September 16,  2015 and that, pursuant to the DPA, GM LLC consented to the filing of a two-count Information in the United States District Court for the Southern District of New York on September 17, 2015.  GM LLC admits that General Motors Company admitted and stipulated to the facts set forth in agreed to Exhibit "C" of the Deferred Prosecution Agreement dated September 16, 2015.  GM LLC denies the existence of a Model  Year 2005 Pontiac G5, and denies the existence of a Model Year 2006 Pontiac G5 referenced in  Exhibit C to Deferred Prosecution Agreement Para. 4, but otherwise admits that Exhibit "C" of  the Deferred Prosecution Agreement is true and correct. To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 56 of the Complaint.

57.     GM LLC incorporates by reference its admissions and averments in Paragraph 56 above.

58.    GM LLC incorporates by reference its admissions and averments in Paragraphs 11 and 56 above.  No response is required to the remaining allegations in Paragraph 58 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC admits that Paragraph 58 of the Complaint purports to characterize portions of the Statement Facts, Exhibit C to the DPA, the contents of which speak for themselves.  GM LLC denies that it sold the subject 2010 Chevrolet Cobalt to Plaintiff Williams.  GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 58 of the Complaint.

59.    No response is required to the allegations in Paragraph 59 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraph 56 above.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 59 of the Complaint.

60.    No response is required to the allegations in Paragraph 60 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraph 56 above.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 60 of the Complaint.

61.    GM LLC denies the allegations in Paragraph 61 of the Complaint.

62.    No response is required to the allegations in Paragraph 62 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraph 56 above.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 62 of the Complaint.

63.    GM LLC denies the allegations in Paragraph 63 of the Complaint.

64.    No response is required to the allegations in Paragraph 64 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC objects to the phrase "members of the Enterprise" as undefined, vague, and ambiguous.  Subject thereto, GM LLC incorporates by reference its admissions and averments in Paragraphs 7,11 and 56 above.  GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 64 of the Complaint.

65.    No response is required to the allegations in Paragraph 65 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC objects to the phrase "members of the Enterprise" as undefined, vague, and ambiguous. Subject thereto, GM LLC incorporates by reference its admissions and averments in Paragraphs 7 and 11 above. GM LLC denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 65 of the Complaint.

66.    No response is required to the allegations in Paragraph 66 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC objects to the phrase "member of the Enterprise" as undefined, vague, and ambiguous. Subject thereto, GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 11 and 56 above. GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject

2010 Chevrolet Cobalt. To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 66 of the Complaint.

67. No response is required to the allegations in Paragraph 67 of the Complaint because they call for legal conclusions. To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 11 and 56 above. Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092. GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt. GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the subject accident, and therefore denies liability. To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 67 of the Complaint.

68. No response is required to the allegations in Paragraph 68 of the Complaint because they call for legal conclusions. To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 11 and 56 above. Based on information obtained to date, GM LLC denies that the subject 2010 Chevrolet Cobalt had a replacement switch installed that was the subject of GM Recall No. 14092. GM LLC further denies that the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt. GM LLC is without sufficient information to admit or deny whether the subject 2010 Chevrolet Cobalt experienced the condition described in GM Recall No. 14092 at the time of the

subject accident, and therefore denies liability.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 68 of the Complaint.

69.     No response is required to the allegations in Paragraph 69 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraphs 7, 11 and 56  above.  GM LLC denies the ignition switch originally equipped in vehicles subject to GM Recall Nos. 13454 and 14063 is substantially similar to that originally equipped in the subject 2010 Chevrolet Cobalt.  To the extent a further response is required, GM LLC denies the remaining allegations in Paragraph 69 of the Complaint.

70.     No response is required to the allegations in Paragraph 70 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraph 56 above.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 70 of the Complaint.

71.     No response is required to the allegations in Paragraph 71 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraph 56 above.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 71 of the Complaint.

72.     No response is required to the allegations in Paragraph 72 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraph 56 above.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 72 of the Complaint.

73.     No response is required to the allegations in Paragraph 73 of the Complaint because they call for legal conclusions.  To the extent a response is required, GM LLC

incorporates by reference its admissions and averments in Paragraph 56 above.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 73 of the Complaint.

74.     No response is required to the allegations in Paragraph 72 of the Complaint because they call for legal conclusions.   To the extent a response is required, GM LLC incorporates by reference its admissions and averments in Paragraph 56 above.  To the extent a further response is required, GM LLC denies the allegations in Paragraph 74 of the Complaint.

## PRAYER FOR RELIEF

GM LLC denies the allegations in Plaintiffs' Prayer for Relief, denies Plaintiffs are entitled to the relief requested from it, or any other relief, and demands strict proof thereof.  GM LLC specifically denies that Plaintiffs are entitled to an award of punitive damages against it.

GM LLC demands a trial by jury.

## AFFIRMATIVE DEFENSES

By way of further answer, General Motors LLC sets forth the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

GM LLC pleads the defense of contributory or comparative negligence, which should bar or reduce Plaintiffs' recovery, if any.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages may have been either wholly or partially caused or contributed to by either named or unnamed persons, firms, corporations, or entities other than GM LLC, and GM LLC is entitled to an apportionment among all such persons or entities

according to their responsibilities for such injuries and damages, if any, sustained by Plaintiffs, pursuant to the apportionment provisions of MISS. CODE ANN. § 85-5-7 (1972).

### THIRD AFFIRMATIVE DEFENSE

The injuries and damages, if any, allegedly sustained by Plaintiffs may have been the direct and proximate result of intervening and superseding actions by third parties, including, but not limited to, Michael Sweet, Jr., and not GM LLC.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate the alleged damages, if any, in the manner and to the extent required by law.

### FIFTH AFFIRMATIVE DEFENSE

GM LLC may be entitled to a set-off in the event Plaintiffs filed a claim and received a payment from another source.

### SIXTH AFFIRMATIVE DEFENSE

GM LLC pleads the defense of any applicable statute of limitations or limitations period. In particular, but not exclusively, Plaintiffs' negligence, strict liability, and warranty claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to utilize the safety-belt system with which the subject vehicle was originally equipped.  GM LLC pleads this failure as a defense to Plaintiffs' crashworthiness claims, if any; as the proximate cause of the claimed injuries; as a failure to mitigate damages; and, for all other reasons available under Mississippi law.

## EIGHTH AFFIRMATIVE DEFENSE

The subject 2010 Chevrolet Cobalt referenced in Plaintiffs' Complaint should have been delivered to the purchaser with a written New Vehicle Limited Warranty by it. The warranty speaks for itself and GM LLC pleads the limitations contained in the warranty.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims are barred by the doctrines of waiver, laches, and estoppel.

## TENTH AFFIRMATIVE DEFENSE

The alleged warranties and the scope of damage may have been disclaimed and/or otherwise limited in scope and effect.

## ELEVENTH AFFIRMATIVE DEFENSE

Any express or implied warranties that are found to have existed may have been effectively and properly disclaimed, excluded, modified, or waived.

## TWELFTH AFFIRMATIVE DEFENSE

Any cause of action based upon express or implied warranty or upon contract is barred by the terms of sale of the product.

## THIRTEENTH AFFIRMATIVE DEFENSE

GM LLC is informed and believes and on that basis alleges that the imposition of any punitive damages in this matter would deprive GM LLC of its property without due process of law under the Mississippi State Constitution, and the United States Constitution. Further, the imposition of punitive damages against GM LLC would violate its right to protection from "excessive fines" under the Eighth Amendment of the United States Constitution and Article 3, Section 28 of the Mississippi Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages under Mississippi law violates GM LLC's rights under the 5th, 6th, 8th, and 14th Amendments of the United States Constitution, and Article 3, Sections 14, 23, 26, and 28 of the Mississippi Constitution because, among other things:

a. Mississippi's standard for an award for punitive damages is so vague and indefinite that it does not give GM LLC fair notice of the kind of conduct that would subject it to punishment or the severity of the penalty that may be imposed;

b. The jury is not provided with standards of sufficient clarity, objectivity, and uniformity for determining either the appropriateness or the appropriate amount of the punitive damages awards;

c. The jury is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

d. An award of punitive damages is not subject to judicial review on the basis of objective and uniform standards;

e. Plaintiffs' claims exceeds the legitimate interest of Mississippi in punishing unlawful conduct and deterring its repetition;

f. Plaintiffs' claims is grossly excessive in comparison to the civil or criminal penalties that could be imposed for comparable conduct;

g. There is no basis to infer that a lesser deterrent would not adequately protect the interest of Mississippi consumers;

h. Plaintiffs' claims would impose an undue burden on interstate commerce; and

i. An award of punitive damages is improper for all the reasons set forth in *State Farm v. Campbell*, 123 S. Ct. 1513 (2003), and subsequent related cases.

## FIFTEENTH AFFIRMATIVE DEFENSE

GM LLC would show that any award of punitive damages is subject to the cap specified under the statutory law of Mississippi, and thus any award must be reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

GM LLC pleads the defense of spoliation of evidence in the event Plaintiffs failed to maintain the subject vehicle or other relevant evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

GM LLC states that Mississippi does not recognize a post-sale duty to warn or retrofit a product.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims against GM LLC are limited to any that were incorporated into the GM LLC written "glove box" warranty delivered when the subject 2010 Chevrolet Cobalt was sold. Any implied warranties of merchantability or fitness for a particular purpose were effectively disclaimed or limited by the printed warranty and cannot be asserted against GM LLC.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to plead with particularity the circumstances constituting the alleged fraud and/or misrepresentations with respect to these specific Plaintiffs.

## RESERVATION OF DEFENSES AND OBJECTIONS

PLEASE TAKE NOTICE that General Motors LLC reserves the right to interpose such other defenses and/or objections as continuing investigation and discovery may disclose.

RESPECTFULLY SUBMITTED this the 6th day of March, 2017.

**GENERAL MOTORS LLC**

By Its Attorneys

WATKINS & EAGER PLLC

By:   /s/ *Walter T. Johnson*
           Walter T. Johnson

OF COUNSEL:

Walter T. Johnson (MSB No. 8712)
Watkins & Eager PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Phone:  (601) 965-1846
Fax: (601) 965-1901
Email: wjohnson@watkinseager.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the MEC system which sent notification of such filing to the following:

**Brent Hazzard**
Hazzard Law, LLC
P.O. Box 24382
Jackson, Mississippi, 39225
Email: brenthazzard@yahoo.com

This the 6th day of March, 2017.

/s/ *Walter T. Johnson*
Walter T. Johnson